IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE SAN ANTONIO ROSE PALACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-00071 |
| | § | |
| GREAT DIVIDE INSURANCE | § | |
| COMPANY, RAYMOND BRILL, | § | |
| STEPHEN KLINK, HAAG | § | |
| ENGINEERING COMPANY, AND | § | |
| TERRY TAYLOR | § | |
| | | |
| Defendants. | | |

## GREAT DIVIDE INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now GREAT DIVIDE INSURANCE COMPANY ("GDIC"), and, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and Federal Rule of Civil Procedure 81(c), files this, its Notice of Removal, and would show the Court the following:

### INTRODUCTION

1. Plaintiff is The San Antonio Rose Palace ("SARP"). Defendants are GDIC, Raymond Brill, Stephen Klink, Haag Engineering Company, and Terry Taylor.

2. On December 15, 2020, GDIC filed a declaratory judgment action against SARP in the United States District Court for the Western District of Texas, San Antonio Division, bearing Case No. 5:20-CV-01428 and styled *Great Divide Insurance Company v. The San Antonio Rose Palace, Inc.* (the "Declaratory Action").

3. On December 17, 2020, a summons was requested against SARP in the Declaratory Action, and was issued on December 21, 2020 by the court in the Declaratory

Action. On December 28, 2020, the summons and complaint for the Declaratory Action were served upon SARP.

4. On December 30, 2020, SARP filed a separate lawsuit against GDIC and other defendants styled *The San Antonio Rose Palace v. Great Divide Insurance Company, Raymond Brill, Stephen Klink, Haag Engineering Company, and Terry Taylor*, Cause No. 2020CI24797, in the 166th Judicial District Court of Bexar County, Texas (the "Bexar Lawsuit"). The Bexar Lawsuit is pending in said court.

5. GDIC files this Notice of Removal within the time period required by 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL

6. Plaintiff, the San Antonio Rose Palace, Inc., upon information and belief, is a corporation organized and existing under the laws of the State of Texas. Defendant GDIC is a North Dakota corporation with a principal place of business in Iowa. Upon information and belief, Defendants Raymond Brill, Stephen Klink, and Terry Taylor are Texas residents. Upon information and belief, Defendant Haag Engineering Company is a Texas corporation.

7. Prior to filing this Notice of Removal, and pursuant to Tex. Ins. Code § 542A.006, GDIC filed written notices of election of legal responsibility as to Defendants Raymond Brill and Stephen Klink. This District Court has held that where an insurer's election "establishes the impossibility of recovery against the non-diverse defendant in state court at the time of removal, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes." *Mazhar Footsteps, LLC, v. Amguard Insurance Company and Michael Clayton Hepburn*, SA20CV00955JKPHJB, 2020 WL 7670245, at *3 (W.D. Tex. Dec. 24, 2020); *see also Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-0773-XR, 2019 U.S. Dist. LEXIS 200150, at *8, 2019 WL 6131455, at *11 (W.D.

Tex. Nov. 18, 2019). Therefore, by virtue of the "542A elections" made as to Defendants Raymond Brill and Stephen Klink, their citizenship may be disregarded for diversity purposes.

8. The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). To establish a claim for improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*, *citing Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003) (*citing Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir.1999)). With regard to Defendants Terry Taylor and Haag Engineering Company (hereinafter the "Haag Defendants"), Plaintiff has only levied a cause of action of common-law fraud and civil conspiracy against the Haag Defendants. However, since the damages claimed by Plaintiff against the Haag Defendants are contractual in nature—i.e. claimed insurance policy benefits—Plaintiff's claim of common-law fraud and civil conspiracy against the Haag Defendants are barred by Texas law. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011) *quoting Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone."); *see also Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019) ("The economic loss rule may be raised by the defendant to simply point out a deficiency in the plaintiff's proof of damages, without the necessity of prior pleading."). As the damages claimed by Plaintiff against the Haag Defendants are not appropriate under Texas law for the causes of action levied against the Haag Defendants, there is no cause of action against the Haag Defendants. Thus, the Haag Defendants are improperly joined, and their citizenship should also be disregarded for diversity purposes.

9. As Defendants Raymond Brill, Stephen Klink, and the Haag Defendants should have their citizenships disregarded based on the paragraphs above, only the citizenships of SARP and GDIC should be considered for diversity purposes. Because of this, and since there is diversity between GDIC, a non-forum defendant, and SARP, there is complete diversity between GDIC and SARP. *See* 28 U.S.C. § 1332(a).

10. The amount in controversy threshold is met as well as the Bexar Lawsuit involves an amount in controversy in excess of $75,000.00. *See* 28 U.S.C. § 1332(a). SARP sues Defendants in the Bexar Lawsuit with respect to damages claimed to be at least $1,806,692.64, which greatly exceeds $75,000.00.

11. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court action where the action is been pending is located in this district.

12. Finally, GDIC is not engaging in forum manipulation by filing this Notice of Removal prior to service. Instead, SARP is the party that is attempting to manipulate the forum of the dispute between GDIC and SARP by filing a separate state court lawsuit even though it had already been served with a lawsuit filed in federal court. To the extent that SARP wants to add additional parties to the first-filed Declaratory Action, SARP could add third parties pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367(a) rather than engaging in such blatant forum shopping.

13. GDIC will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

14. All pleadings, process, orders, and other filings in the state court action will be attached to this notice as required by 28 U.S.C. § 1446(a) as follows:

(a) Bexar County District Court docket for the Bexar Lawsuit;

(b) Plaintiff's Original Petition filed in the Bexar Lawsuit; and

(c) Written notices of election of legal responsibility as to Defendants Raymond Brill and Stephen Klink.

If any further pleadings have been filed with the court, we will supplement this removal.

## PRAYER

**WHEREFORE**, Defendant GREAT DIVIDE INSURANCE COMPANY asks the Court to remove the action referred to as *The San Antonio Rose Palace v. Great Divide Insurance Company, Raymond Brill, Stephen Klink, Haag Engineering Company, and Terry Taylor*, Cause No. 2020CI24797, in the 166th Judicial District Court of Bexar County, Texas, to this federal court.

Dated: January 28, 2021.

Respectfully submitted,

By: */s/ R. Brent Cooper*
**R. BRENT COOPER**
Texas State Bar No. 04783250
Email: Brent.Cooper@cooperscully.com
**JULIE A. SHEHANE**
Texas State Bar No. 24048794
Email: Julie.Shehane@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
**ATTORNEYS FOR DEFENDANT, GREAT DIVIDE INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2021, I electronically filed Defendant Great Divide Insurance Company's Notice of Removal (Doc. 1) with the Clerk of Court using the CM/ECF system.

I further certify that a copy of the Notice of Removal (Doc. 1) was served on the following non-CM/ECF participants via facsimile and electronic mail:

>Robert W. Loree
>E-mail: rob@lhlawfirm.com
>Stephen Fields
>E-mail: stephen@lhllawfirm.com
>Loree & Lipscomb
>777 E. Sonterra Blvd, Suite 320
>San Antonio, Texas 78258
>Telephone: (210) 404-1320
>Facsimile: (210) 404-1310
>
>James L. Sowder, Esq.
>Email: JSowder@thompsoncoe.com
>Thompson, Coe, Cousins & Irons, L.L.P.
>700 N. Pearl St., 25th Floor
>Dallas, TX 75201
>Telephone: (214) 871-8267
>Facsimile: (214) 871-8209

>>*/s/ R. Brent Cooper*
>>**R. BRENT COOPER**